**Christine GRONNE, Plaintiff–Appellant,**

v.

**APPLE BANK FOR SAVINGS, Defendant–Appellee.**

No. 00–7272.

United States Court of Appeals, Second Circuit.

Jan. 12, 2001.

Gerald V. Dandeneau, Law Offices of Gerald V. Dandeneau; Dawn A. Lott, of counsel, Melville, NY, for appellant.

Eve I. Klein, Duane, Morris & Hecksher, LLP, New York, NY, for appellee.

Present JACOBS, STRAUB, and SACK, Circuit JJ.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff–Appellant Christine Gronne appeals the judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) granting summary judgment to defendant Apple Bank for Savings pursuant to Fed.R.Civ.P. 56. *See Gronne v. Apple Bank for Savings,* No. 98–CV–6091, 2000 WL 298914, 2000 U.S. Dist. LEXIS 3546 (E.D.N.Y. Feb. 14, 2000).

We review the district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the appellant, who was the non-moving party below. *See Tenenbaum v. Williams,* 193 F.3d 581, 583 (2d Cir.1999), *cert. denied,* 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000).

Gronne suffers from a neuromuscular disorder known as neurasthenia gravis, which prevents her from climbing stairs or driving a car. From 1989 to 1997, she worked at the Massapequa, New York branch of the Apple Bank for Savings ("Apple"). During her last three years at that location, Gronne was supervised by Michael Kagan. Gronne and Kagan had an extremely poor working relationship characterized by verbal confrontations and several formal complaints by Kagan against Gronne. Based on Gronne's ongoing problems with Kagan and other employees, Apple transferred her in April 1997 to its branch in Lindenhurst, New York. The Lindenhurst branch is approximately three miles from the Massapequa branch and five miles from Gronne's home. Gronne notified Apple through counsel that she viewed the transfer as a violation of the Americans with Disabilities Act. Specifically, she claimed that she would be unable to perform her duties because the Lindenhurst branch was a two-story building and she could not climb stairs, and because she was unable to drive and thus would be forced to take a private taxi to and from work. In response, Apple offered to accommodate Gronne's disability by not assigning "*any* duties which would require her to climb stairs" (emphasis in original) and paying one-half the cost of a private car service to and from work on days when friends or family members could not drive her.

Gronne never responded to this offer, opting instead to initiate the underlying suit. Her amended complaint alleges that Apple violated the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5)(A), and state law by failing to reasonably accommodate her disability, creating a hostile work environment, and constructively discharging her.

Apple moved for summary judgment on all claims, which the district court granted on February 14, 2000. The court concluded that the accommodations offered by Apple were reasonable as a matter of law, and that having rejected such reasonable accommodations, Gronne was not an "otherwise qualified" individual capable of bringing an action under the ADA. *Gronne,* 2000 WL 298914, at *6–*7, 2000 U.S. Dist. LEXIS 3546, at *18–*19. The court further concluded that Gronne's transfer to Lindenhurst was not an adverse employment action within the meaning of the Act, and that neither the transfer nor the working conditions at the Massapequa branch before the transfer were related to Gronne's disability. *Id.* at *6–*7, 2000 U.S. Dist. LEXIS 3546, at *15–*16, *20–*21. The court also dismissed Gronne's state-law claims, concluding that the applicable portion of the New York Human Rights Law was not in effect on the date of Apple's alleged wrongdoing, and that Gronne was not "disabled" within the meaning of that statute. *Id.* at *9–10, 2000 U.S. Dist. LEXIS, at *25–27. On appeal, Gronne challenges only the district court's dismissal of her ADA claims.

 To recover on an accommodation claim, a plaintiff must show that (1) her employer was subject to the ADA; (2) she was "disabled"; (3) she was "otherwise qualified" to perform the essential functions of her job; and (4) the employer had notice of her disability and failed to provide reasonable accommodation. *See Lyons v. Legal Aid Soc'y,* 68 F.3d 1512,

1515 (2d Cir.1995). The question of whether a proposed accommodation is reasonable is "fact-specific" and must be evaluated on "a case-by-case basis." *Wernick v. Federal Reserve Bank,* 91 F.3d 379, 385 (2d Cir.1996). Summary judgment is nevertheless appropriate where a plaintiff fails to identify a facially reasonable accommodation that the defendant refused to provide, *Kennedy v. Dresser Rand Co.,* 193 F.3d 120, 122 (2d Cir.1999), *cert. denied,* 528 U.S. 1190, 120 S.Ct. 1244, 146 L.Ed.2d 103 (2000), or when the employer offers an accommodation that is "plainly reasonable." *Wernick,* 91 F.3d at 385; *see, e.g., Guice–Mills v. Derwinski,* 967 F.2d 794, 798 (2d Cir.1992).

▆ The district court concluded that Gronne failed to raise a triable issue of fact as to the reasonableness of the accommodations offered by Apple. *Gronne,* 2000 WL 298914, at *7, 2000 U.S. Dist. LEXIS 3546, at *17. We agree. To accommodate a disabled employee, an employer may sometimes be required to offer "job restructuring," 42 U.S.C. § 12111(9), or, in narrow circumstances, "employer assistance with transportation to get the employee to and from the job," *Lyons,* 68 F.3d at 1516. The record makes clear that Apple's proffered accommodations met or exceeded these requirements. Gronne told Apple that she was unable to work in Lindenhurst because (i) she could not drive, meaning that she would have to pay for and endure the inconveniences of alternative transportation; and (ii) she could not climb stairs. Apple responded by offering to pay half the cost of a private car service when necessary and to restructure her job such that she would not have to climb stairs. Gronne offers no plausible basis for rejecting these proffered accommodations as unreasonable.

▆ Gronne's basic position is that the only acceptable accommodation would be for Apple to rescind the transfer to Lindenhurst and allow her to return to Massapequa. While an employer must consider an employee's preferred accommodation, "the employer ... has the ultimate discretion to choose between effective accommodations." 29 C.F.R. pt. 1630, appendix. In other words, the ADA "does not require the employer to provide every accommodation the disabled employee may request, so long as the accommodation provided is reasonable." *Fink v. New York City Dep't of Personnel,* 53 F.3d 565, 567 (2d Cir. 1995).

As noted, moreover, there is no dispute that Apple would have been within its rights to terminate Gronne's employment altogether based on her ongoing difficulties in Massapequa. We do not read the ADA so broadly as to interfere with personnel decisions that are entirely unrelated to an employee's disability. *Cf. Heyman v. Queens Village Comm. for Mental Health,* 198 F.3d 68, 72 (2d Cir.1999); *Wernick,* 91 F.3d at 383.

Although the complaint did not allege that Gronne's transfer to Lindenhurst constituted an adverse employment action, the district court treated it as doing so and the parties address the issue on appeal. We conclude that the transfer was neither an adverse employment action nor taken because of her disability for substantially the reasons set forth by the district court. *See Gronne v. Apple Bank for Savings,* 2000 WL 298914, at *6, *7–*8, 2000 U.S. Dist. LEXIS 3546, at *15–*16, *21–*22;; *see also Heyman,* 198 F.3d at 72.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.